IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

EMILY DORN

        Plaintiff,

vs.

ROCKY MOUTAIN HOSPITAL AND MEDICAL SERVICES, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD

        Defendant.

## COMPLAINT

COME NOW the Plaintiff, Emily Dorn, by and through her undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendants.

## PARTIES

1. Plaintiff, Emily Dorn, is a natural person and citizen of the State of Colorado, with a current address of 4530 Zephyr Street, Wheat Ridge, Colorado 80033.

2. Defendant, Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of health insurance claims. The Defendant's registered agent for service of process is C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

**JURISDICTION AND VENUE**

3. At all pertinent times, Rocky Mountain Preparatory School sponsored, administered, and/or funded a group employee benefit plan which provides health insurance benefits to employees of Rocky Mountain Preparatory School. The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA"). Upon information and belief, the Plan has delegated to Defendant Anthem its obligation to make all benefit decisions at issue in this claim, including regarding eligibility for health insurance benefits. Upon further information and belief, Defendant Anthem also insures the Plan, and therefore is responsible for paying benefits due under the Plan.

4. At all pertinent times, and until September 2019, Plaintiff was an active and full-time employee of Rocky Mountain Preparatory School and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5. Thus, and at all pertinent times, and by virtue of said employment and status, Plaintiff was covered by the provisions of the Plan, including eligibility for health insurance benefits subject to the terms and conditions of the Plan.

**JURISDICTION AND VENUE**

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA Plan/policy.

7. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8. At all pertinent times, Plaintiff was employed by Rocky Mountain Preparatory School ("Rocky Mtn. Prep").

9. As an active and full-time employee of Rocky Mtn. Prep, Plaintiff was eligible to, and did, participate in Rocky Mtn. Prep's employee benefit plan (including health insurance benefits).

10. The Plan provides medical benefits to its members and their beneficiaries, including coverage for counseling and other similar care.

11. In or around September 2019, Plaintiff left her employment with Rocky Mtn. Prep, and elected COBRA to continue her coverage under the Plan

12 Thereafter, Plaintiff sought treatment with several providers, including but not limited to with Jamie White Counseling.

13. Thereafter, those bills were submitted to Defendant for payment.

14. Defendant has paid a portion of the bills from this provider, but have failed and refused to pay several service dates rendered from September 2019 to July 2020 (the period in which Plaintiff had COBRA coverage under the Plan).

15. Plaintiff appealed the denial of benefits on or about July 6, 2022 but Defendant has failed to respond and the decision is overdue under ERISA.

16. Plaintiff has exhausted all appeals required by the Plan, as her appeal is deemed denied by Defendant's failure to issue a timely decision

17. At this time, Plaintiff' medical expenses, which were reasonable, necessary and covered by the Plan, have not been paid.

### CLAIM FOR RELIEF:
### VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS
### PLAINTIFF V. DEFENDANT

18. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for medical benefits, as set forth above.

19. Defendant Aetna has been delegated the authority to administer claims for medical benefits by the Plan, and/or is a claim administrator within the meaning of ERISA.

20. At all pertinent times, Plaintiff met the criteria for health benefits under the plan.

21. Defendants have improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

22. Defendants' wrongful conduct includes, but is not limited to:

    A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers and its own qualified consultant physician.

4

  B. Failing to provide an adequate review and appeal;

  C. Failing to act in Plaintiff's best interest;

  D. Failing to consider credible evidence of medical necessity;

  E. Failing to reasonably interpret and apply the terms of the Plan; and

  F. Failing to conduct a reasonable investigation.

23. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including expenses for necessary and appropriate treatment.

## **DAMAGES**

24. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of health insurance benefits and related expenses. Plaintiff have also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, the Plaintiff request judgment and damages against Defendant Aetna and/or the Plan as follows:

  A. A declaratory judgment that Defendant has violated Plaintiff' rights under ERISA;

  B. Retroactive reinstatement of health insurance benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b).

C. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law.

D. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1).

E. Such other and further relief as this Court deems just and appropriate; and

F. Any and all penalties authorized by ERISA, including but not limited to for Defendant's failure to produce documents required by law.

Respectfully submitted this 4th day of January, 2023.

SILVERN & BULGER, P.C.


*s/Thomas A. Bulger, Esq.*
Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile: (303) 292-1466
*counsel@silvernbulger.com*


**Plaintiff' address**:
4530 Zephyr Street
Wheat Ridge, Colorado 80033

6